FILED

2013 Aug-05  PM 06:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| Intellectual Ventures II LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 2:13-cv-1106-** |
| | ) | **UNAS-AKK** |
| BBVA Compass Bancshares, Inc., et al., | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF BBVA COMPASS BANCSHARES, INC. AND COMPASS BANK  d/b/a BBVA COMPASS

Defendants BBVA Compass Bancshares, Inc. and Compass Bank d/b/a BBVA Compass (hereafter collectively "BBVA Compass") respond to the allegations and averments in Plaintiff Intellectual Ventures II LLC's ("IV") complaint ("Complaint"), and provide their affirmative defenses, as follows:

1.     Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business located at 3150 139th Avenue SE, Bellevue, Washington, 98005.

**ANSWER:**     BBVA Compass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies these allegations.

2.      Upon information and belief, BBVA Compass Bancshares, Inc. ("BBVA Compass Bancshares") is a financial holding company with its principal place of business at 15 South 20th Street, Birmingham, Alabama 35233.

**ANSWER:**    BBVA Compass admits that BBVA Compass Bancshares, Inc. ("BBVA Compass Bancshares") is a financial holding company and its principle place of business is at 15 South 20th Street, Birmingham, Alabama 35233.

3.      Upon information and belief, BBVA Compass Bancshares has its headquarters in this judicial district and transacts substantial business within this judicial district.

**ANSWER:**    BBVA Compass admits that BBVA Compass Bancshares' headquarters are located in Birmingham, Alabama, and that it conducts business within this judicial district.   BBVA Compass denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Upon information and belief, Compass Bank, N.A., doing business as BBVA Compass ("BBVA Compass Bank"), is a national banking association with its principal place of business at 15 South 20th Street, Birmingham, Alabama 35233. Upon information and belief, BBVA Compass Bank is a wholly owned subsidiary of BBVA Compass Bancshares. BBVA Compass Bancshares and BBVA Compass Bank will be referred to herein collectively as "BBVA Compass."

**ANSWER:**   BBVA Compass admits that Compass Bank is an Alabama banking corporation with its principle place of business at 15 South 20th Street, Birmingham, Alabama 35233.  BBVA Compass further admits that Compass Bank is a wholly-owned subsidiary of BBVA Compass Bancshares.  BBVA Compass denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.   Upon information and belief, BBVA Compass Bank has its headquarters in this judicial district and transacts substantial business within this judicial district.

**ANSWER:**   BBVA Compass admits that Compass Bank is headquartered in Birmingham, Alabama and that it conducts business in this judicial district.  BBVA Compass denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.   BBVA Compass offers banking services to individuals and business in the United States, including Alabama, and particularly within this district. BBVA Compass provides online banking services via electronic means including, but not limited to, the web site https://www.bbvacompass.com. In connection with these online banking services and other systems and services, BBVA Compass infringes one or more claims of United States Patent No. 5,745,574 ("the '574 Patent"); United States Patent No. 6,826,694 ("the '694 Patent"); United States

Patent No. 6,715,084 ("the '084 Patent); United States Patent No. 6,314,409 ("the

'409 Patent"); and United States Patent No. 7,634,666 ("the '666 Patent")

(collectively the "Patents-in-Suit").

**ANSWER:**   BBVA Compass admits that it offers banking services to

individuals and business located in the United States, including within the State of

Alabama and this judicial district.  BBVA Compass further admits that it provides

online banking services electronically through the use of its website

https://www.bbvacompass.com.  BBVA Compass denies all remaining allegations

set forth in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.    This is a civil action for patent infringement under the Patent Laws of

the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction

under 28 U.S.C. §§1331 and 1138(a).

**ANSWER:**    BBVA Compass admits that IV purports to bring this action

under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., but BBVA

Compass denies liability thereunder.  BBVA Compass does not contest that this

Court has subject matter jurisdiction over this action.

8.    This Court has general personal jurisdiction over BBVA Compass

because it has its headquarters and does substantial and continuous business in this

judicial district. This Court has specific jurisdiction over BBVA Compass because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over BBVA Compass would not offend traditional notions of fair play and substantial justice.

**ANSWER:**   BBVA Compass admits that it has its headquarters and does business in this judicial district.  BBVA Compass denies that it has committed acts giving rise to liability for patent infringement within the State of Alabama, within this judicial district, or elsewhere in the United States.  BBVA Compass does not contest personal jurisdiction in this action.  BBVA Compass is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint and, therefore, BBVA Compass denies these allegations.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because BBVA Compass has conducted business in this district and/or provided services to its customers within this judicial district, and has committed acts of patent infringement within this district giving rise to this action.

**ANSWER:**   BBVA Compass does not contest that venue is proper in this judicial district.   BBVA Compass admits that it has conducted business in this judicial district and/or provided services to its customers within this judicial district.   BBVA Compass denies that it has committed acts of patent infringement within this district or elsewhere, and denies all remaining allegations set forth in Paragraph 9 of the Complaint.

## INTELLECTUAL VENTURES AND THE PATENTS-IN-SUIT

10.   Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of Intellectual Ventures' business is managing the Plaintiff in this case, Intellectual Ventures II.

**ANSWER:**   BBVA Compass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies these allegations.

11.   Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the

inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has acquired more than 70,000 IP assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

**ANSWER:**   BBVA Compass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies these allegations.

12.   Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world.

Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

**ANSWER:**    BBVA Compass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies these allegations.

13.    Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

**ANSWER:**    BBVA Compass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies these allegations.

14.    On April 28, 1998, the '574 Patent, titled "Security Infrastructure For Electronic Transactions," was duly and lawfully issued by the United States patent

and Trademark Office ("PTO"). A copy of the '574 Patent is attached hereto as Exhibit A.

**ANSWER:**   BBVA Compass admits that United States Patent No. 5,745,574 ("the '574 Patent") is titled "Security Infrastructure For Electronic Transactions" and was issued by the United States Patent and Trademark Office, and that the '574 Patent states on its cover that it issued on April 28, 1998.  BBVA Compass admits that what appears to be a copy of the '574 Patent is attached as Exhibit A to IV's Complaint.  BBVA Compass denies all remaining allegations of Paragraph 14 of the Complaint.

15.   On November 30, 2004, the '694 Patent, titled "High Resolution Access Control," was duly and lawfully issued by the PTO. A copy of the '694 Patent is attached hereto as Exhibit B.

**ANSWER:**   BBVA Compass admits that United States Patent No. 6,826,694 ("the '694 Patent") is titled "High Resolution Access Control" and was issued by the United States Patent and Trademark Office, and that the '694 Patent states on its cover that it issued on November 30, 2004.  BBVA Compass admits that what appears to be a copy of the '694 Patent is attached as Exhibit B to IV's Complaint. BBVA Compass denies all remaining allegations of Paragraph 15 of the Complaint.

16.    On March 30, 2004, the '084 Patent, titled "Firewall System And Method Via Feedback From Broad-Scope Monitoring For Intrusion Detection," was duly and lawfully issued by the PTO. A copy of the '084 Patent is attached hereto as Exhibit C.

**ANSWER:**    BBVA Compass admits that United States Patent No. 6,715,084 ("the '084 Patent") is titled "Firewall System And Method Via Feedback From Broad-Scope Monitoring For Intrusion Detection" and was issued by the United States Patent and Trademark Office, and that the '084 Patent states on its cover that it issued on March 30, 2004. BBVA Compass admits that what appears to be a copy of the '084 Patent is attached as Exhibit C to IV's Complaint. BBVA Compass denies all remaining allegations of Paragraph 16 of the Complaint.

17.    On November 6, 2001, the '409 Patent, titled "System For Controlling Access And Distribution of Digital Property," was duly and lawfully issued by the PTO. A copy of the '409 Patent is attached hereto as Exhibit D.

**ANSWER:**    BBVA Compass admits that United States Patent No. 6,314,409 ("the '409 Patent") is titled "System For Controlling Access And Distribution of Digital Property" and was issued by the United States Patent and Trademark Office, and that the '409 Patent states on its cover that it issued on November 6, 2001. BBVA Compass admits that what appears to be a copy of the '409 Patent is

attached as Exhibit D to IV's Complaint. BBVA Compass denies all remaining allegations of Paragraph 17 of the Complaint.

18.    On December 15, 2009, the '666 Patent, titled "Crypto-Engine For Cryptographic Processing Of Data," was duly and lawfully issued by the PTO. A copy of the '666 Patent is attached hereto as Exhibit E.

**ANSWER:**    BBVA Compass admits that United States Patent No. 7,634,666 ("the '666 Patent") is titled "Crypto-Engine For Cryptographic Processing Of Data" and was issued by the United States Patent and Trademark Office, and that the '666 Patent states on its cover that it issued on December 15, 2009. BBVA Compass admits that what appears to be a copy of the '666 Patent is attached as Exhibit E to IV's Complaint. BBVA Compass denies all remaining allegations of Paragraph 18 of the Complaint.

19.    Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the Patents-in-Suit and holds the right to sue and recover damages for infringement thereof, including past damages.

**ANSWER:**    BBVA Compass is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies these allegations.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,745,574

20.    Paragraphs 1-19 are reincorporated by reference as if fully set forth herein.

**ANSWER:**   BBVA Compass' Answers to Paragraphs 1-19 above are reincorporated by reference as if fully set forth herein.

21.    Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 23 of the '574 Patent by making, using, providing, systems and services that comply with the PCI Data Security Standard for encrypting data during communication sessions, including, but not limited to, its website.

**ANSWER:**   BBVA Compass denies that it has infringed or continues to infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '574 Patent, and denies all remaining allegations of Paragraph 21 of the Complaint.

22.    Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass also has and continues to indirectly infringe at least claim 23 of the '574 Patent by inducing others to infringe and/or contributing to the

infringement of others, including third party users of such systems and services in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has actively induced and continues to induce the infringement of at least claim 23 of the '574 Patent at least by actively inducing the use of such systems and services by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass knew or should have known that its conduct would induce others to encrypt data during a communication sessions in a manner that infringes the '574 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '574 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system. Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass through at least its website at https://www.bbvacompass.com actively induced its customers to infringe the '574 Patent.

**ANSWER:**   BBVA Compass denies that it has indirectly infringed or continues to indirectly infringe, by inducing others to infringe or contributing to the infringement of others of, any valid claim of the '574 Patent, and denies all remaining allegations of Paragraph 22 of the Complaint.

23.   Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has contributorily infringed and continues to contributorily infringe at least claim 23 of the '574 Patent by providing within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial noninfringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '574 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

**ANSWER:**   BBVA Compass denies that it has contributorily infringed or continues to contributorily infringe any valid claim of the '574 Patent, and denies all remaining allegations of Paragraph 23 of the Complaint.

24.   Intellectual Ventures II has provided written notice via a letter to BBVA Compass of its infringement of at least claim 23, and BBVA Compass also has written notice of its infringement by virtue of the filing and service of this Complaint.

**ANSWER:**   To the extent that the allegations of Paragraph 24 set forth legal conclusions, no response is required.  BBVA Compass admits that it is in receipt of the Complaint, and admits that on June 11, 2013, it received a letter purporting to have been sent on behalf of Intellectual Ventures Management, LLC and various of

its subsidiaries, including Intellectual Ventures II, LLC, alleging that BBVA Compass is infringing the '574 Patent.   BBVA Compass denies that it has infringed any valid claim of the '574 Patent directly, indirectly, by inducement, contributorily, or otherwise, and denies all remaining allegations of Paragraph 24 of the Complaint.

25.   Intellectual Ventures II has suffered damages as a result of BBVA Compass' infringement of the '574 Patent in an amount to be proven at trial.

**ANSWER:**   BBVA Compass denies each of the allegations set forth in Paragraph 25 of the Complaint.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,826,694

26.   Paragraphs 1-19 are reincorporated by reference as if fully set forth herein.

**ANSWER:**   BBVA Compass' Answers to Paragraphs 1-19 above are reincorporated by reference as if fully set forth herein.

27.   Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '694 Patent

by making, using, providing, offering to sell and/or selling its Small Business Merchant system/service.

**ANSWER:**   BBVA Compass denies that it has infringed or continues to infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '694 Patent, and denies all remaining allegations of Paragraph 27 of the Complaint.

28.    Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass also has and continues to indirectly infringe at least claim 1 of the '694 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its Small Business Merchant service/system in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has actively induced and continues to induce the infringement of at least claim 1 of the '694 Patent at least by actively inducing the use of its Small Business Merchant system/service by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass knew or should have known that its conduct would induce others to use these systems in a manner that infringes the '694 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these

third parties have infringed and will infringe the '694 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system. Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass through at least its website at https://bbvacompass.com actively induced its customers to infringe the '694 Patent.

**ANSWER:**   BBVA Compass denies that it has indirectly infringed or continues to indirectly infringe, by inducing others to infringe or contributing to the infringement of others of, any valid claim of the '694 Patent, and denies all remaining allegations of Paragraph 28 of the Complaint.

29.   Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has contributorily infringed and continues to contributorily infringe at least claim 1 of the '694 Patent by providing, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '694 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

**ANSWER:**   BBVA Compass denies that it has contributorily infringed or continues to contributorily infringe any valid claim of the '694 Patent, and denies all remaining allegations of Paragraph 29 of the Complaint.

30.   Intellectual Ventures II has provided written notice via a letter to BBVA Compass of its infringement of at least claim 1, and BBVA Compass also has written notice of its infringement by virtue of the filing and service of this Complaint.

**ANSWER:**   To the extent that the allegations of Paragraph 30 set forth legal conclusions, no response is required.  BBVA Compass admits that it is in receipt of the Complaint, and admits that on June 11, 2013, it received a letter purporting to have been sent on behalf of Intellectual Ventures Management, LLC and various of its subsidiaries, including Intellectual Ventures II, LLC, alleging that BBVA Compass is infringing the '694 Patent.   BBVA Compass denies that it has infringed any valid claim of the '694 Patent directly, indirectly, by inducement, contributorily, or otherwise, and denies all remaining allegations of Paragraph 30 of the Complaint.

31.   Intellectual Ventures II has suffered damages as a result of BBVA Compass' infringement of the '694 Patent in an amount to be proven at trial.

**ANSWER:**   BBVA Compass denies each of the allegations set forth in Paragraph 31 of the Complaint.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,715,084

32.   Paragraphs 1-19 are reincorporated by reference as if fully set forth herein.

**ANSWER:**   BBVA Compass' Answers to Paragraphs 1-19 above are reincorporated by reference as if fully set forth herein.

33.   Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 26 of the '084 Patent by making, using, offering to sell and/or selling its Small Business Merchant system/service that uses PCI Data Security Standard compliant intrusion detection and prevention.

**ANSWER:**   BBVA Compass denies that it has infringed or continues to infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '084 Patent, and denies all remaining allegations of Paragraph 33 of the Complaint.

34.    Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA also has and continues to indirectly infringe at least claim 26 of the '084 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its Small Business Merchant system/service in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has actively induced and continues to induce the infringement of at least claim 26 of the '084 Patent at least by actively inducing the use of its Small Business Merchant system/service by third party users in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass knew or should have known that its conduct would induce others to use its Small Business Merchant system/service in a manner that infringes the '084 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '084 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system. Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass through at least its website https://www.bbvacompass.com actively induced its customers to infringe the '084 Patent.

**ANSWER:**    BBVA Compass denies that it has indirectly infringed or continues to indirectly infringe, by inducing others to infringe or contributing to

the infringement of others of, any valid claim of the '084 Patent, and denies all remaining allegations of Paragraph 34 of the Complaint.

35.     Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has contributorily infringed and continues to contributorily infringe at least claim 26 of the '084 Patent by providing, selling and/or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '084 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

**ANSWER:**   BBVA Compass denies that it has contributorily infringed or continues to contributorily infringe any valid claim of the '084 Patent, and denies all remaining allegations of Paragraph 35 of the Complaint.

36.     Intellectual Ventures II has provided written notice via a letter to BBVA Compass of its infringement of at least claim 26, and BBVA Compass also has written notice of its infringement by virtue of the filing and service of this Complaint.

- 21 -

**ANSWER:**    To the extent that the allegations of Paragraph 36 set forth legal conclusions, no response is required.  BBVA Compass admits that it is in receipt of the Complaint, and admits that on June 11, 2013, it received a letter purporting to have been sent on behalf of Intellectual Ventures Management, LLC and various of its subsidiaries, including Intellectual Ventures II, LLC, alleging that BBVA Compass is infringing the '084 Patent.  BBVA Compass denies that it has infringed any valid claim of the '084 Patent directly, indirectly, by inducement, contributorily, or otherwise, and denies all remaining allegations of Paragraph 36 of the Complaint.

37.    Intellectual Ventures II has suffered damages as a result of BBVA Compass' infringement of the '084 Patent in an amount to be proven at trial.

**ANSWER:**   BBVA Compass denies each of the allegations set forth in Paragraph 37 of the Complaint.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,314,409

38.    Paragraphs 1-19 are reincorporated by reference as if fully set forth herein.

**ANSWER:**    BBVA Compass' Answers to Paragraphs 1-19 above are reincorporated by reference as if fully set forth herein.

39.    Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 38 of the '409 Patent by making, using, providing, offering to sell and/or selling its Mobility Pack and services that use PCI Data Security Standard technology for protecting customer information and account data.

**ANSWER:**   BBVA Compass denies that it has infringed or continues to infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '409 Patent, and denies all remaining allegations of Paragraph 39 of the Complaint.

40.    Intellectual Ventures II is informed and believes, and thereon alleges, that First National also has and continues to indirectly infringe at least claim 38 of the '409 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of such systems and services in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has actively induced and continues to induce the infringement of at least claim 38 of the '409 Patent at least by actively inducing the use of such systems and services in the United States. Intellectual Ventures II is informed and believes, and thereon

alleges, that BBVA Compass knew or should have known that its conduct would induce others to use its systems and services in a manner that infringes the '409 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '409 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system. Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass through at least its website https://www.bbvacompass.com actively induced its customers to infringe the '409 Patent.

**ANSWER:** BBVA Compass denies that it has indirectly infringed or continues to indirectly infringe, by inducing others to infringe or contributing to the infringement of others of, any valid claim of the '409 Patent, and denies all remaining allegations of Paragraph 40 of the Complaint.

41.    Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has contributorily infringed and continues to contributorily infringe at least claim 38 of the '409 Patent by providing, selling and/or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will

infringe the '409 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

**ANSWER:**   BBVA Compass denies that it has contributorily infringed or continues to contributorily infringe any valid claim of the '409 Patent, and denies all remaining allegations of Paragraph 41 of the Complaint.

42.   Intellectual Ventures II has provided written notice via a letter to BBVA Compass of its infringement of at least claim 38, and BBVA Compass also has written notice of its infringement by virtue of the filing and service of this Complaint.

**ANSWER:**   To the extent that the allegations of Paragraph 42 set forth legal conclusions, no response is required.  BBVA Compass admits that it is in receipt of the Complaint, and admits that on June 11, 2013, it received a letter purporting to have been sent on behalf of Intellectual Ventures Management, LLC and various of its subsidiaries, including Intellectual Ventures II, LLC, alleging that BBVA Compass is infringing the '409 Patent.   BBVA Compass denies that it has infringed any valid claim of the '409 Patent directly, indirectly, by inducement, contributorily, or otherwise, and denies all remaining allegations of Paragraph 42 of the Complaint.

43.     Intellectual Ventures II has suffered damages as a result of BBVA Compass' infringement of the '409 Patent in an amount to be proven at trial.

**ANSWER:**   BBVA Compass denies each of the allegations set forth in Paragraph 43 of the Complaint.

## COUNT V

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,634,666

44.     Paragraphs 1-19 are reincorporated by reference as if fully set forth herein.

**ANSWER:**   BBVA Compass' Answers to Paragraphs 1-19 above are reincorporated by reference as if fully set forth herein.

45.     Intellectual Ventures II is informed and believes, and thereon alleges, that BBVA Compass has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '666 Patent by using systems or services that use IBM System z mainframes.

**ANSWER:**   BBVA Compass denies that it has directly infringed or continues to directly infringe, literally or under the doctrine of equivalents, any valid claim of the '666 Patent, and denies all remaining allegations of Paragraph 45 of the Complaint.

46.   Intellectual Ventures II has provided written notice via a letter to BBVA Compass of its infringement of at least claim 4, and BBVA Compass also has written notice of its infringement by virtue of the filing and service of this Complaint.

**ANSWER:**   To the extent that the allegations of Paragraph 46 set forth legal conclusions, no response is required.  BBVA Compass admits that it is in receipt of the Complaint, and admits that on June 11, 2013, it received a letter purporting to have been sent on behalf of Intellectual Ventures Management, LLC and various of its subsidiaries, including Intellectual Ventures II, LLC, alleging that BBVA Compass is infringing the '666 Patent.   BBVA Compass denies that it has infringed any valid claim of the '666 Patent, and denies all remaining allegations of Paragraph 46 of the Complaint.

47.   Intellectual Ventures II has suffered damages as a result of BBVA Compass' infringement of the '666 Patent in an amount to be proven at trial.

**ANSWER:**   BBVA Compass denies each of the allegations set forth in Paragraph 47 of the Complaint.

## **DEMAND FOR JURY TRIAL**

No response to this paragraph is required.

## RESPONSE TO IV'S PRAYER FOR RELIEF

BBVA Compass denies that IV is entitled to any of the relief sought in the prayer or any relief whatsoever.

## GENERAL DENIAL

Except as expressly admitted herein, BBVA Compass denies each allegation contained in the Complaint.

Further responding to the Complaint, BBVA Compass alleges as follows:

## BBVA COMPASS' AFFIRMATIVE DEFENSES

BBVA Compass asserts, without assuming any burden of pleading or proof that would otherwise rest on IV, the following defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein, and reserves the right to amend its answer as additional information becomes available:

### First Defense

1. BBVA Compass does not and did not infringe, directly or indirectly (whether contributorily or by inducement), any valid and enforceable claim of the '574 Patent, '694 Patent, '084 Patent, '409 Patent or the '666 Patent (collectively, the "Patents-in-Suit"), either literally, or by application of the doctrine of equivalents.

## Second Defense

2.     One or more claims of each of the Patents-in-Suit are invalid and void for failing to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Third Defense

3.     IV is estopped from construing the claims of the Patents-in-Suit to cover or otherwise include, either literally or by application of the doctrine of equivalents, products manufactured, used, imported, sold, or offered for sale by BBVA Compass, or methods used by BBVA Compass, because of admissions and statements to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the Patents-in-Suit, because of disclosures or language in the specification of the asserted patents, and/or because of limitations in the claims of the asserted patents.

## Fourth Defense

4.     IV's claims are barred, in whole or in part, by the doctrines of equitable estoppel, waiver, laches, acquiescence, and/or a license.

## Fifth Defense

5.     IV's claims for relief and prayer for damages are limited by 35 U.S.C. § 286.

**Sixth Defense**

6.     To the extent that IV, any licensee of the Patents-in-Suit, or IV's predecessors-in-interest to the Patents-in-Suit failed to properly mark any relevant products as required by 35 U.S.C. § 287,  or to the extent that IV or IV's predecessors-in-interest to the Patents-in-Suit failed to give proper notice to BBVA Compass pursuant to 35 U.S.C.§ 287, IV is precluded, or at least limited, from collecting damages from BBVA Compass.

**Seventh Defense**

7.     BBVA Compass does not, and did not, willfully infringe any of the Patents-in-Suit, and IV cannot recover increased damages pursuant to 35 U.S.C. § 284.

**Eighth Defense**

8.     IV's Complaint fails to state a claim upon which relief can be granted.

**Ninth Defense**

9.     IV is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**Tenth Defense**

10.     To the extent that IV asserts indirect infringement, by inducement or contributory infringement, BBVA Compass is not liable to IV for any acts alleged

to have been performed before BBVA Compass had actual notice and knowledge that its actions would cause the alleged indirect infringement.

11.    BBVA Compass reserves all remaining affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may exist now or in the future may be available based on discovery or further factual investigation in this case.

## COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs BBVA Compass Bancshares, Inc. and Compass Bank  d/b/a BBVA Compass (hereafter collectively "BBVA Compass") counterclaims against Plaintiff and Counterclaim-Defendant Intellectual Ventures II LLC ("IV") as follows:

12.    BBVA Compass Bancshares, Inc. is a Texas Corporation with its principal place of business at 15 S. 20th Street, Birmingham, Alabama 35233.

13.    Compass Bank is an Alabama banking corporation with its principle place of business at 15 South 20th Street, Birmingham, Alabama 35233.

14.    On information and belief, IV is a Delaware limited liability company, with its principal place of business located at 3150 139th Ave SE, Bellevue, Washington, 98005.

15.    This Court has personal jurisdiction over IV.  IV is the named plaintiff in this action and has consented to the personal jurisdiction of this Court by filing its Complaint for Patent Infringement Against BBVA Compass.

16.    This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as they arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

17.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

18.    Based on IV's allegations of infringement and the Complaint IV filed against BBVA Compass, a justiciable, actual controversy exists between BBVA Compass and Counterclaim Defendant IV concerning at least the alleged infringement and validity of the Patents-in-Suit.

## COUNT I

### Declaratory Judgment for Invalidity and Non-Infringement of the '574 Patent

19.    BBVA Compass realleges and incorporates by references Paragraphs 12-18 of these Counterclaims.

20.    IV has asserted that BBVA Compass has infringed and is infringing the '574 Patent in paragraphs 20-25 of its Complaint.

21.    One or more claims of the '574 Patent are invalid and void for failing to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

22.    BBVA Compass does not and did not infringe, directly or indirectly (whether contributorily or by inducement), any valid claim of the '574 Patent, either literally or by application of the doctrine of equivalents.

23.    Because there exist a real and justiciable controversy between the parties regarding the validity and infringement of the '574 Patent by virtue of IV's allegations of infringement, a declaration from this Court is necessary so that BBVA Compass may ascertain its rights with respect to the '574 Patent.

## COUNT II

## Declaratory Judgment for Invalidity and Non-Infringement of the '694 Patent

24.    BBVA Compass realleges and incorporates by references Paragraphs 12-18 of these Counterclaims.

25.    IV has asserted that BBVA Compass has infringed and is infringing the '694 Patent in paragraphs 26-31 of its Complaint.

26.    One or more claims of the '694 Patent are invalid and void for failing to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

27.     BBVA Compass does not and did not infringe, directly or indirectly (whether contributorily or by inducement), any valid claim of the '694 Patent, either literally or by application of the doctrine of equivalents.

28.     Because there exist a real and justiciable controversy between the parties regarding the validity and infringement of the '694 Patent by virtue of IV's allegations of infringement, a declaration from this Court is necessary so that BBVA Compass may ascertain its rights with respect to the '694 Patent.

## COUNT III

## Declaratory Judgment for Invalidity and Non-Infringement of the '084 Patent

29.     BBVA Compass realleges and incorporates by references Paragraphs 12-18 of these Counterclaims.

30.     IV has asserted that BBVA Compass has infringed and is infringing the '084 Patent in paragraphs 32-37 of its Complaint.

31.     One or more claims of the '084 Patent are invalid and void for failing to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.     BBVA Compass does not and did not infringe, directly or indirectly (whether contributorily or by inducement), any valid and enforceable claim of the '084 Patent, either literally or by application of the doctrine of equivalents.

33.     Because there exist a real and justiciable controversy between the parties regarding the validity and infringement of the '084 Patent by virtue of IV's allegations of infringement, a declaration from this Court is necessary so that BBVA Compass may ascertain its rights with respect to the '084 Patent.

## COUNT IV

## Declaratory Judgment for Invalidity and Non-Infringement of the '409 Patent

34.     BBVA Compass realleges and incorporates by references Paragraphs 12-18 of these Counterclaims.

35.     IV has asserted that BBVA Compass has infringed and is infringing the '409 Patent in paragraphs 38-43 of its Complaint.

36.     One or more claims of the '409 Patent are invalid and void for failing to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

37.     BBVA Compass does not and did not infringe, directly or indirectly (whether contributorily or by inducement), any valid and enforceable claim of the '409 Patent, either literally or by application of the doctrine of equivalents.

38.     Because there exist a real and justiciable controversy between the parties regarding the validity and infringement of the '409 Patent by virtue of IV's

allegations of infringement, a declaration from this Court is necessary so that BBVA Compass may ascertain its rights with respect to the '409 Patent.

## COUNT V

### Declaratory Judgment for Invalidity and Non-Infringement of the '666 Patent

39.   BBVA Compass realleges and incorporates by references Paragraphs 12-18 of these Counterclaims.

40.   IV has asserted that BBVA Compass has infringed and is infringing the '666 Patent in paragraphs 44-47 of its Complaint.

41.   One or more claims of the '666 Patent are invalid and void for failing to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

42.   BBVA Compass does not and did not infringe, directly or indirectly (whether contributorily or by inducement), any valid and enforceable claim of the '666 Patent, either literally or by application of the doctrine of equivalents.

43.   Because there exist a real and justiciable controversy between the parties regarding the validity and infringement of the '666 Patent by virtue of IV's allegations of infringement, a declaration from this Court is necessary so that BBVA Compass may ascertain its rights with respect to the '666 Patent.

## EXCEPTIONAL CASE

44. This case is exceptional under 35 U.S.C. § 285.

## JURY DEMAND

BBVA Compass demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, BBVA Compass seeks the following relief:

(a) That each and every claim of the Patents-in-Suit be declared not infringed and/or declared invalid;

(b) That IV take nothing by its Complaint and that IV's Complaint be dismissed with prejudice;

(c) That pursuant to 35 U.S.C. § 285 and/or other applicable laws, IV's conduct in commencing and pursuing this action be found to render this an exceptional case and that BBVA Compass be awarded its attorneys' fees incurred in connection with this action;

(d) That BBVA Compass be awarded its cost of suit incurred herein; and

(e) That BBVA Compass be granted such other and additional relief as this Court deems just and proper.

Respectfully submitted on this 5th day of August, 2013.

/s/ Mark C. Howland
Hilda C. Galvan (TX 00787512)
hcgalvan@JonesDay.com
Mark C. Howland (TX 24027240)
mchowland@JonesDay.com
JONES DAY
2727 North Harwood Street
Dallas, TX  75201.1515
Telephone:  +1.214.220.3939
Facsimile:   +1.214.969.5100
(pro hac vice)

Joseph Melnik (CA 255601)
jmelnik@JonesDay.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:  +1.650.739.3939
Facsimile:  +1.650.739.3900
(pro hac vice)

Gregory C. Cook
Marcus R. Chatterton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5679
gcook@balch.com
mchatterton@balch.com

ATTORNEYS FOR DEFENDANTS,
BBVA COMPASS BANCSHARES,
INC. AND COMPASS BANK d/b/a
BBVA COMPASS

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. A.H. "Nick" Gaede, Jr.
ngaede@bainbridgemims.com
Ms. Jennifer A. Hanson
jhanson@bainbridgemims.com
Bainbridge Mims Rogers & Smith LLP
The Luckie Building, Suite 415
600 Luckie Drive (35223)
Post Office Box 530886
Birmingham, AL 35253

Mr. David Alberti
dalberti@feinday.com
Ms. Elizabeth Day
eday@feinday.com
Mr. Ian N. Feinberg
ifeinberg@feinday.com
Mr. Marc Belloli
mbelloli@feinday.com
Mr. Sal Lim
slim@feinday.com
Mr. Yakov Zolotorev
yzolotorev@feinday.com
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025

/s/ Mark C. Howland
Attorney for Defendants, BBVA
Compass Bancshares, Inc. and
Compass Bank d/b/a BBVA
Compass

DLI-6451901v1